The defendants, Kevin and Virginia Lashua, appeal from a judgment entered following a Superior Court judge's order enforcing a settlement agreement signed by Kevin. Discerning no error in the Superior Court judge's conclusion that the agreement is enforceable, we affirm.
1. Background. Plaintiff Maureen D. White was seriously injured when her vehicle collided with two cows that had wandered off from a nearby farm owned by the defendants. With her husband, Lester White, Maureen commenced a tort action in the Superior Court against the defendants, seeking damages.
The parties participated in a mediation effort and, on July 28, 2016, signed a settlement agreement (agreement).[4] When the defendants failed to perform pursuant to the agreement, the plaintiffs filed a motion in the Superior Court requesting that the judge enforce the agreement. After a hearing on September 15, 2016, which the defendants did not attend despite having been duly notified of this proceeding, the judge issued an order formally adopting the agreement. Consistent with the agreement, the judge entered judgment against the defendants, jointly and severally, for $40,000 and awarded an additional $4,364.28 in attorney's fees and costs.
2. Discussion. Where a settlement agreement is reached during the pendency of litigation, it may be enforced through a party's motion. See Fecteau Benefits Group, Inc. v. Knox, 72 Mass. App. Ct. 204, 211-212 (2008) ; Duff v. McKay, 89 Mass. App. Ct. 538, 541-542 (2016). "An enforceable agreement requires (1) terms sufficiently complete and definite, and (2) a present intent of the parties at the time of formation to be bound by those terms." Targus Group Intl., Inc. v. Sherman, 76 Mass. App. Ct. 421, 428 (2010). We examine whether the agreement was sufficiently complete and definite de novo but review a factual finding of present intent to be bound for clear error. Fecteau Benefits Group, Inc., supra at 212.
Here, the agreement sets forth the required payment and payment schedule. Contrary to the defendants' assertion, the fact that the agreement required the defendants to finalize a court judgment against an unrelated party and then allowed the plaintiffs to pursue collection of $40,000 from that unrelated party does not create an indefiniteness. There is nothing illogical in allowing both the plaintiffs and the defendants to pursue collection of the source of money to pay the judgment.
The agreement was signed by Kevin Lashua and counsel for both Lashuas and contains no language that would suggest that it was not intended to bind the parties. The mere fact that Virginia Lashua was not present at the mediation and did not sign the agreement provides no basis for excusing Kevin from performing the agreement.[5] The fact that the parties anticipated that their agreement would be formalized in typewritten form and supported by court filings does not negate its effectiveness. Fecteau Benefits Group, Inc., 72 Mass. App. Ct. at 211-212.
Finally, we reject the defendants' argument that consideration of the pending motion to enforce on September 15, 2016, violated their right to due process. There can be no credible claim of surprise that the final pretrial conference would necessarily focus on the plaintiffs' motion-fully briefed by both parties-asserting that the agreement precluded trial and should be enforced. When the defendants failed to attend a mandatory, fully-noticed court hearing, they ran the risk that the only pending motion would be considered and adjudicated without their input.
Judgment affirmed.

Defendant Virginia Lashua neither attended the mediation nor signed the agreement.

The defendants have not contested the plaintiffs' assertion that Kevin Lashua had the authority to enter into the agreement on Virginia Lashua's behalf, either before the Superior Court judge or this court. They similarly make no argument on appeal that we should adjudicate Virginia's obligations separately from Kevin's, arguing only that the absence of Virginia's signature makes the entire agreement unenforceable. Under these circumstances, the question whether judgment should have entered against only Kevin is not properly before us.